# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**JEAN LAPOINTE,**

        **Plaintiff,**

v.                                            Civ. No. 99-1358 JP/LFG

**CONTINENTAL CASUALTY**
**COMPANY d/b/a CNA Insurance**
**Companies,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

On February 7, 2000 Defendant filed a Motion to Determine Standard of Review and Limit Scope of Review and Discovery (Doc. No. 14). That motion will be denied in part and granted in part.

I.       Background

Plaintiff worked for Kirtland Federal Credit Union until her termination in 1997 or 1998. Plaintiff then claimed total disability benefits under Defendant's Group Long Term Disability Insurance Policy ("policy"), designed for employees of Kirtland Federal Credit Union. Defendant denied the claim. Plaintiff administratively appealed and her claim was again denied. She then filed this lawsuit for review of Defendant's denials under section 502(a)(1)(B) of ERISA (29 U.S.C. § 1132(a)(1)(B).)

Defendant moves to establish that 1) the administrative claims decisions be reviewed under an arbitrary and capricious standard because the policy grants it discretion, 2) no discovery be

conducted beyond that information which Defendant and its appellate committee considered with respect to Plaintiff's claim ("administrative record"), and 3) no evidence outside of the administrative record be considered. Plaintiff argues, on the other hand, that the policy does not grant discretion to Defendant to make disability determinations and therefore a de novo standard of review applies to the administrative decisions and that discovery beyond the scope of the administrative record should proceed.

II.     Standard of review

A denial of benefits challenged under section 502(a)(1)(B) of ERISA is to be reviewed under a de novo standard rather than the more deferential arbitrary and capricious standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *See Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989) (remanding for de novo review in absence of evidence that administrator has power to construe uncertain terms or that eligibility determinations are to be given deference). The Tenth Circuit has found that a plan grants discretionary authority to an administrator like Defendant, and thus gives rise to an arbitrary and capricious standard of review, in the following instances: when a plan denied coverage for a form of treatment it deemed experimental where the language of the plan excluded from coverage procedures "which in the judgment of [the plan administrator] are experimental," *see Chambers v. Family Health Plan Corp.*, 100 F.3d 818, 825 (10th Cir. 1996); when plan benefits were denied by the plan administrator who had authority "'to decide all questions'" concerning application or provisions of the plan, *see Dycus v. Pension Benefit Guaranty Corp.*, 133 F.3d 1367, 1369 (10th Cir. 1998) (quoting record); and, when a plan denied accidental death coverage because the plan

2

administrator "'determines the benefits for which an individual qualifies under the Benefit Plan'" and "'the insurance company has the exclusive right to interpret provisions of the plan and its decision is conclusive and binding,'" *see Winchester v. Prudential Life Ins.*, 975 F.2d 1479, 1483 (10th Cir. 1992) (same).

In contrast, the Tenth Circuit has found a de novo standard of review applied in the following situations: when a plan physician's exercise of medical judgment in determining an insured's eligibility for benefits was itself reviewed for an abuse of discretion; *see McGee v. Equicor-Equitable HCA Corp.* 953 F.2d 1192, 1200 (10th Cir. 1992); when the defendant claimed that a plan did grant discretion to plan administrator to determine whether claimant was "totally disabled" but denial was based on requirement that period of disability last for a certain length of time which defendant did not have discretion to determine, *see Hubbert v. Prudential Ins. Co. of America*, No. 96-1093, 1997 WL 8854, at \*\*2-4 (D. Colo. Jan. 10, 1997); and when a group policy plan required the company to pay "proceeds to the beneficiary of record," *see Carland v. Metropolitan Life Ins. Co.,* 935 F.2d 1114, 1118 (10th Cir.1991). *See also John Deere Health Benefit Plan v. Chubb*, 45 F. Supp. 2d 1131, 1137 (D. Kan. 1999) (assuming de novo standard, noting lack of guidance in Tenth Circuit).

Defendant relies primarily on a provision in the policy requiring "WRITTEN PROOF OF LOSS" to argue that the policy grants it discretionary authority to which an arbitrary and capricious standard should apply on review. (*See* Deft's Br. in Supp., Ex. A at 7.) Defendant also adds that other policy provisions (such as a reservation for Defendant to have a physician examine a claimant while the claim for disability is pending and what Defendant describes as the policy's subjective definition of "Total Disability") show that the policy grants Defendant

3

discretion to determine eligibility for benefits. An examination of the policy as a whole, Defendant claims, reveals sufficient evidence to overcome *Firestone*'s presumption in favor of de novo review. Plaintiff, on the other hand, claims that the presumption for de novo review has not been overcome by clear and convincing evidence, the standard of proof Plaintiff contends applies. Both sides recognize the absence of clear guidance from the Supreme Court and the Tenth Circuit and rely heavily on decisions from other federal appellate courts and from district courts from within this circuit.

District courts in the Tenth Circuit facing the issue are split as to the effects of a plan or policy requiring proof before the payment of benefits. The position in the District of Kansas is that when a participant must supply proof of disability, an arbitrary and capricious standard applies on review. *See Riley v. UNUM Life Ins. Co.*, 28 F. Supp. 2d 639, 642; *Caldwell v. Life Ins. Co. of N. Am.*, 959 F. Supp. 1361, 1365-66 (D. Kan. 1997). In the District of Utah, that a participant must show proof of disability does not mean that the administrator's decisions is afforded deference, and thus, a de novo review standard applies. *See Lund v. UNUM Life Ins. Co.*, 19 F. Supp. 2d 1254, 1258 (D. Utah 1998).

Courts outside of this circuit are similarly split. Some have found proof provisions sufficient for a grant of discretion. *See, e.g., Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 555-57 (6th Cir.1998) (finding discretion based on requirement of written "proof" disability enough); *Fitts v. Federal National Mortgage Ass'n,* 77 F.Supp. 2nd 9 (D.D.C. 1999) (similar language, same result). *See also DeNobel v. Vitro Corp.*, 885 F.2d 1180 (4th Cir.1989) (finding discretion where fiduciary given power to determine all benefits and resolve all questions of administration, interpretation, and application). Others have not. *See, e.g. Herzberger v. Standard Ins. Co.*, 205

F.3d 327, 332 (7th Cir. 2000) ("[M]ere fact that a plan . . . requires proof or satisfactory proof" insufficient to defeat de novo presumption) (calling into doubt at least three prior cases from the Seventh Circuit Court of Appeals and from district courts within the Seventh Circuit upon which Defendant and other courts rely); *Kinstler v. First Reliance Standard Life Ins. Co.*, 181 F.3d 243 (2nd Cir.1999) (holding "satisfactory proof" insufficient to apply other than de novo standard of review); *Kearney v. Standard Ins. Co.*, 175 F.3d 1084 (9th Cir.1999) (finding "written proof" insufficient).

Significantly, those decisions resolving the very same standard of review question with respect to similar, if not identical, CNA policies have concluded that such policies do not grant discretion, within the meaning of *Firestone*, to the fiduciary or administrator. *See Brown v. Seitz Foods, Inc. Disability Benefit Plan*, 140 F.3d 1198, 1200 (8th Cir.1998); *McBride v. Continental Cas. Co.*, No. 97-4625, 1999 U.S. Dist. Lexis 6782, at *10-14 (E.D. Penn. May 12, 1999).

Defendant has not proved, even by a preponderance of the evidence, that the policy lends it sufficient discretion to warrant the application of an arbitrary and capricious standard on review, for several reasons. First, the minimal guidance that the Tenth Circuit has provided suggests that more definite grants of discretion are necessary to apply an arbitrary and capricious standard of review. *See, e.g., Dycus*, 133 F.3d at 1369 (noting plan administrator had authority to decide all questions); *Winchester*, 975 F.2d at 1483 (noting administrator could determine benefits and that insurance company had exclusive right to conclusively interpret plan). Next, the emerging trend is not for an arbitrary and capricious standard in cases such as this, as Defendant maintains, but rather for de novo review. *See, e.g., Herzberger*, 205 F.3d at 329-31 (calling into doubt cases upon which Defendant relies and upon which *Caldwell* and *Riley* relied, establishing "safe harbor"

5

discretion-reserving language for applying an arbitrary and capricious standard of review).

Moreover, the weight of authority cited *supra* appears to favor a de novo review in analogous cases. Additionally, those decisions analyzing which standard to apply to virtually the same CNA policy at issue in this case have ultimately applied a de novo standard of review. *See Brown*, 140 F.3d at 1200; *McBride*, 1999 U.S. Dist. LEXIS at \*10-14.

Finally, those decisions applying a de novo standard of review in ERISA cases like this are better reasoned. A policy which requires a participant to prove in writing her disability may suggest nothing more than prudent record-keeping practices on the part of the administrator. Further, to say that an insurance company has discretion because it can deny claims for which no proof is presented, as did the court in *Fitts*, for example, would erode the principle recognized in *Firestone* that Congress enacted ERISA to promote employee interests. *See Firestone*, 489 U.S. at 113. Moreover, the *Fitts* approach would gut the de novo rule in *Firestone* and would seemingly result in rarely if ever applying de novo review. *See Fitts*, 77 F. Supp. 2d at 18. The additional policy provisions reserving the right to require medical examinations and defining the term "total disability" in arguably subjective terms may imply something further but are not necessarily indicative of a grant of discretion which Defendant could have included in its policy in clear terms but did not. In *Bogue v. Ampex Corp.*, 976 F.2d 1319, 1324 (9th Cir. 1992) (Wisdom, J., sitting by designation), the Ninth Circuit interpreted a policy phrase stating that a claims "determination . . . will be made by" the employer (who in *Bogue* was also the administrator) to grant discretion to that employer for *Firestone* standard of review purposes. Judge Wisdom observed that to find a grant of discretion from something more equivocal would be wrong.

> We do not want to encourage an employer to insulate himself from effective appellate review through the abuse of vague phrases that fail to make clear to the employees that the employer will have the final determination of benefit decisions. Employees who lose promised benefits should not lose the additional benefit of judicial review because their employer reserved discretionary power to itself without making that reservation clear.

*Id.* at 1325. The same principles which guided Judge Wisdom apply in this case. Accordingly, a de novo standard of review will apply.

III.  Scope of review

Defendant also moves to limit this court's review to the administrative record used by Defendant in its initial and appellate determinations of Plaintiff's disability claims. Plaintiff responds that a ruling on the scope of review would be premature and that discovery beyond the administrative record should be permitted to ascertain "those factors" which would influence the determination of the appropriate scope of review. (Pl's Resp. at 7.) The factors to which Plaintiff apparently refers are contradictory medical opinions, a conflict of interest in the original claim-review body, and "issues of plan interpretation" such as a failure to exhaust administrative remedies and a lack of coverage at the time of claim denial. (*Id.* at 8.) But Plaintiff also claims that these factors are already present. Further, she points to no other factors which she suspects discovery might reveal and cites to no caselaw supporting further discovery to determine the scope of review. (*See id.*) Therefore, to the extent Plaintiff requests discovery to aid in the determination of the appropriate extent of review, her request will be denied. Instead, this case is now ripe for a scope of review determination.

The Tenth Circuit, as with the standard of review question, has provided scant guidance for district courts faced with setting the boundaries of review in a case such as this, to be reviewed de novo, brought under section 502(a)(1)(B) of ERISA. *Cf. Chambers*, 100 F.3d at

7

824 (limiting scope of review to record because arbitrary and capricious standard of review applied). However, here there is more consistency among other courts facing the issue. The general principle seems to be that review is limited to the record that was before the administrator, absent circumstances which clearly establish the need to gather additional evidence to conduct a just de novo review. *See Kearney*, 175 F.3d at 1090-91 (holding that "a district court should not take additional evidence merely because someone at a later time comes up with new evidence"); *Brown* 140 F.3d at 1200-01; *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1025-27 (4th Cir. 1993) (listing, *inter alia*, legitimate impartiality concerns as a basis for considering additional evidence, cited in *Chambers*); *Lund*, 19 F. Supp. 2d at 1259; *Penyak v. UNUM Life Ins. Co.*, Civ. No. 97-2117 EEO, 1998 U.S. Dist. LEXIS 14373, at *4 (D.N.M. Sept. 8, 1998). *See also Perry v. Simplicity Engineering*, 900 F.2d 963, 966 (6th Cir. 1990) (finding that if term "*de novo*" described in *Firestone* meant anything other than de novo review of administrative record, then district courts would become "substitute plan administrators" and ERISA goal of prompt claims resolution would be undermined).

The circumstances Plaintiff describes are either not present or are not sufficient to warrant departure from the administrative record. First, while it seems there are contradictory medical opinions in this case as Plaintiff claims, Defendant apparently considered them and they are a part of the record to be reviewed. (*See* Def's Br. Ex. B at 2.). Second, Plaintiff contends that Defendant denied her claim for benefits while operating under a conflict of interest because Defendant pays benefits from its own funds rather than those of a trust. However, Plaintiff points to no case, and the court can find none, suggesting that an expanded scope of de novo review should result from such an arrangement. She points to no other factors which might raise an

inference of impartiality or that Defendant in fact acted impartially. Third, Plaintiff claims that Defendant has raised a failure to exhaust administrative remedies, yet she offers no explanation as to how this defense amounts to an exceptional circumstance which should lead to consideration of matters not in the administrative record. The same is true for Plaintiff's contention that Defendant may argue that Plaintiff was not a covered person at the time the disability determination was made. Moreover, Plaintiff asked for and received additional time during the administrative proceeding to supplement the record (and apparently then declined to do so). (*See id.* Ex. B.) In sum, Plaintiff requests not the opportunity to present new evidence (a request which would be of questionable merit) but rather she asks permission to find new evidence (an even more questionable proposition). She provides no compelling reason why she should be entitled to search for new support at this stage. Accordingly, Plaintiff will be accorded nothing more or less than the full review of the administrative record generally undertaken in de novo cases.[1]

---

[1] The scope of review and discovery limits described in this Memorandum Opinion and Order will leave undisturbed the limited discovery allowed previously in this case concerning whether Kirtland Federal Credit Union maintained any other ERISA plans. (*See* Order Establishing Briefing Schedule and Authorizing Limited Discovery, filed Dec. 21, 1999.) If discovery on that narrow question yields information relevant to the merits, such information will be considered even if not a part of the administrative record.

IT IS THEREFORE ORDERED THAT Defendant's motion is denied in part and granted in part and that:

(1) this case will be reviewed de novo;

(2) the review will be conducted of the administrative record only; and that

(3) the relevant information obtained through the limited discovery authorized in this case will be considered as part of the administrative record.

_____
**UNITED STATES DISTRICT JUDGE**